James E. McCarthy, Livonia, Mich., for plaintiffs-appellants.

Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., for defendants-appellees; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

**Josephine IANNI, Individually and as the Next Friend of George Ianni, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America and Winston Alan Bailey, Defendants-Appellees.**

**No. 71–1859.**

United States Court of Appeals, Sixth Circuit.

March 24, 1972.

Before McCREE and MILLER, Circuit Judges, and WILSON,* District Judge.

PER CURIAM.

This action was filed in the district court under the Federal Tort Claims Act to recover for personal injuries and expenses allegedly resulting from a collision of vehicles. The district court dismissed the complaint on the ground that it was not filed within the 2-year period of limitations provided by 28 U.S.C. Sec. 2401(b). An implementing regulation provides that such a claim, required by the said statute to be filed within the 2-year period, must be in writing and must be for a sum certain.

The present claim arose from an accident involving a mail truck on August 17, 1968. The appellants' attorney sent the government a letter in March 1969, stating that he had been retained and that he claimed an attorney's lien. He did not demand a sum certain. It is asserted that the attorney later sent medical bills and reports within the 2-year period but the district court found, after an evidentiary hearing, that this

* The Honorable Frank W. Wilson, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation.

assertion was not supported by the evidence. As no claim in the form required by the statute and regulation had been presented within the 2-year period, the district court dismissed the action. The only issue before the district judge was one involving credibility with respect to the mailing of an appropriate claim within the prescribed period. The district judge's finding on this issue is not clearly erroneous.

■ On appeal the appellant contends for the first time that the implementing regulation is invalid because it goes beyond the statute in requiring that a sum certain be set forth in the claim.

We are of the opinion, however, that the regulation is a valid one.[1]

The judgment of dismissal by the district court is therefore affirmed.

1. This is true because Sec. 2675(b) provides in substance that the amount sued for under the Tort Claims Act may not be in excess of the amount stated in the claim presented to the appropriate administrative agency except on the basis of newly discovered evidence or because of intervening acts. The statute clearly implies that a sum certain shall be set forth in the administrative claim.