In re The COMMUNITY HOSPITAL OF ROCKLAND COUNTY, Debtor.

The COMMUNITY HOSPITAL OF ROCKLAND COUNTY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 79 B–20074.

United States District Court, S. D. New York.

Jan. 2, 1980.

WERKER, District Judge.

*Decision of the Court.*

THE COURT: Appellant, The Community Hospital of Rockland County (the "debtor") appeals from an order of Bankruptcy Judge Howard Schwartzberg dismissing debtor's complaint in which the debtor

sought to compel the Government to pay to it the sum of $92,144.99. See 5 B.R. 7.

The Debtor filed a petition under Chapter 11 of the Bankruptcy Code of 1978 on December 14, 1979. Between November 14 and December 5, 1979, the IRS had served notices of levy on seven entities which were indebted to the Debtor for the purpose of obtaining monies allegedly due from the Debtor to the IRS for taxes. The IRS has collected $38,502.89 pursuant to said levies.

The Debtor commenced an adversary proceeding seeking to recover approximately $92,000 from the Government on which Debtor contends is needed to meet its payroll on December 28, 1979 for the preceding two-week period.

After a hearing on December 27, 1979 at which the Debtor proceeded only on his first cause of action which alleged that the Government's tax lien claims were subordinated to these wage claims under 11 U.S.C. Section 724, the bankruptcy court ruled that since the Government had not filed a claim in the underlying Chapter 11 proceeding, it had not waived its sovereign immunity, and moreover, that Section 724 was inapplicable to Chapter 11 proceedings.

I find that Bankruptcy Judge Schwartzberg correctly dismissed the debtor's first cause of action upon each of these alternative grounds for the following reasons.

■ The Debtor argues that the Bankruptcy Code strips the Government of sovereign immunity. In support of this contention, the Debtor relies upon 11 U.S.C. Section 1111(a) which provides that a proof of claim is deemed filed if it is scheduled by the bankrupt in its schedules filed with the court. Since the Government is listed as a creditor, the Debtor argues that the Government has filed a claim and has therefore waived its sovereign immunity.

However, Section 106 of the Bankruptcy Code was intended to qualify Section 1111(a) with respect to the Government. The legislative history to this section makes clear that in order to waive sovereign immunity, it is not enough that the Government have a claim against the Debtor; the

Government must have taken the affirmative step of filing that claim in the underlying proceeding. See 5 [1978] U.S.Code Congressional & Administrative News, pp. 5787, 5815–16. Since the Government has not filed a claim in that subject proceeding, it has not waived its sovereign immunity.

■ Furthermore, I find that Judge Schwartzberg correctly held that 11 U.S.C. Section 724 is inapplicable to Chapter 11 proceedings.

Under the Code, Section 103 prescribes which chapters of the Bankruptcy Code apply to the various cases filed under Chapters 7, 9, 11 or 13. Section 103(b) provides that Subchapters I and II of Chapter 7 apply only in a case under Chapter 7. Because Section 724 is clearly part of Subchapter II of Chapter 7, Section 724 is not available to a debtor proceeding in Chapter 11. Section 724 applies only to Chapter 7 proceedings.

Accordingly, the order of the Bankruptcy Court is affirmed insofar as it dismissed the Debtor's first cause of action.