**In the Matter of REMKE, INC., Debtor.**

**REMKE, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 80–02273–B.
Adv. No. 80–0766–B.

United States Bankruptcy Court, E. D. Michigan.

July 22, 1980.

Jaffe, Snider, Raitt, Garratt & Heuer, Professional Corp. by Lawrence K. Snider, Detroit, Mich., for plaintiff.

James K. Robinson, U. S. Atty. by Karl R. Overman, Asst. U. S. Atty., Detroit, Mich. by Robert L. Handros, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

On May 1, 1980, Remke, Inc. filed a petition for reorganization under chapter 11 of the Bankruptcy Code. Thereafter, the debtor instituted this action pursuant to section 547 of the Bankruptcy Code to recover an alleged preferential transfer of $145,267.53 from the Internal Revenue Service. The government moved to dismiss, contending that the doctrine of sovereign immunity insulated it from suit. The resolution of this conflict depends upon the construction to be given to section 106 of the Bankruptcy Code.

The Senate and the House prepared their own drafts of the proposed new Bankruptcy Act—H.R. 8200 and S. 2266, U.S.Code Cong. & Admin.News 1978, p. 5787. Each of these drafts contained an identical proposed section 106 dealing with the problem of sovereign immunity of governmental units. It read as follows:

"§ 106. WAIVER OF SOVEREIGN IMMUNITY

(a) A governmental unit [that files a proof of claim under section 501 of this title is deemed to have] waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit for which such governmental unit filed a proof of claim or interest under section 501 of this title any claim against such governmental unit that is property of the estate."

The House and Senate versions of section 106 provided for a limited waiver of the sovereign immunity of governmental units. The effect of these provisions can best be summed up by reference to the legislative history of both the House and Senate bills, which states as follows:

". . . First, the filing of a proof of claim against the estate by a governmental unit is a waiver by that governmental unit of sovereign immunity with respect to compulsory counterclaims, as defined in the Federal Rules of Civil Procedure, that is, counterclaims arising out of the

same transaction or occurrence. . . . The counterclaim by the estate against the governmental unit is without limit.

"Second, the estate may offset against the allowed claim of a governmental unit, up to the amount of the governmental unit's claim, any claim that the debtor, and thus the estate, has against the governmental unit, without regard to whether the estate's claim arose out of the same transaction or occurrence as the government's claim. Under this provision, the setoff permitted is only to the extent of the governmental unit's claim. No affirmative recovery is permitted. . . ." S.Rep. No. 95–989, 95th Cong., 2d Sess. 29–30 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 317 (1977), U.S. Code. Cong. & Admin.News 1978, pp. 5815, 6275.

The Bankruptcy Code, as ultimately adopted, retained subsections (a) and (b) of the House and Senate versions with but slight modifications in language, and added a new subsection (c). Section 106, as finally enacted, provides as follows:

"§ 106. WAIVER OF SOVEREIGN IMMUNITY

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units."

By virtue of section 106, as enacted, a governmental unit is deemed to have waived its defense of sovereign immunity, not only in cases in which the government has filed a claim, as provided for in subsections (a) and (b), but also in cases covered by subsection (c). Pursuant to subsection (c), the defense of sovereign immunity is not available to a governmental unit in cases where the debtor or the estate is proceeding against a governmental unit under a provision which permits the debtor or the estate to avoid a transfer of, or to recover property from a creditor, entity or governmental unit. Section 547 dealing with preferences enables the debtor or the estate to avoid any transfer of property of the debtor "to or for the benefit of a creditor," if the remaining prerequisites of the section are satisfied. Since section 547 authorizes an action against a creditor, the government, pursuant to section 106(c), is deemed to have waived its defense of sovereign immunity with respect to the preference action instituted by the debtor. That this is what Congress intended to accomplish by the inclusion of subsection (c), is made clear by the legislative history to section 106. In commenting upon the effect of subsection (c), it states:

"Section 106(c) relating to sovereign immunity is new. The provision indicates that the use of the term 'creditor,' 'entity,' or 'governmental unit' in title 11 applies to governmental units notwithstanding any assertion of sovereign immunity and that an order of the court binds governmental units. The provision is included to comply with the requirement in case law that an express waiver of sovereign immunity is required in order to be effective. Section 106(c) codifies *In re Gwilliam*, 519 F.2d 407 (9th Cir. 1975), and *In re Dolard*, 519 F.2d 282 (9th Cir. 1975), permitting the bankruptcy court to determine the amount and dischargeability of tax liabilities owing by the debtor or the estate prior to or during a bankruptcy case whether or not the governmental unit to which such taxes are owed files a proof of claim. Except as provided in sections 106(a) and (b), subsection

(c) is not limited to those issues, but permits the bankruptcy court to bind governmental units on other matters as well. For example, section 106(c) permits a trustee or debtor in possession to assert avoiding powers under title 11 against a governmental unit; contrary language in the House report to H.R. 8200 is thereby overruled." 124 Cong.Rec. H 11,091 (Sept. 28, 1978); S 17,407 (Oct. 6, 1978). Pertinent, also, is the legislative history accompanying section 547, which states:

". . . section 106(c) of the House amendment overrules contrary language in the House report with result that the Government is subject to avoidance of preferential transfers." 124 Cong.Rec. H 11,097 (Sept. 28, 1978); S 17,414 (Oct. 6, 1978).

In light of the inclusion of subsection (c) in section 106 and the accompanying cited legislative history, the government's contention that a governmental unit's defense of sovereign immunity is waived only in cases in which the government has filed a proof of claim, is without merit.[1] To construe section 106 as urged by the government, would read subsection (c) out of the Bankruptcy Code. There is no justification for so doing.[2]

*In re The Community Hospital of Rockland County,* 5 B.R. 7, 5 B.C.D. 1115 (S.D.N.Y.1979), aff'd, 5 B.R. 11, 5 B.C.D. 1172 (S.D.N.Y.1980), cited in the government's memorandum in support of its motion to dismiss, is not pertinent. The

issue of whether subsection (c) of section 106 requires that a governmental unit file a proof of claim before sovereign immunity is waived, was never reached.[3]

The motion to dismiss is denied.

Upon completion of this opinion, the government advised the court that it had, in fact, filed a proof of claim and, therefore, was withdrawing its motion to dismiss. However, in light of the importance of the question to the bar, this opinion is being issued despite the government's abandonment of its motion.

---

1. The statement in the legislative history that section 106 provides for but a limited waiver, must be read in the light of the genesis of section 106. This statement did reflect the effect of the original Senate and House versions of section 106. It is no longer descriptive of the scope of section 106 with the addition of subsection (c).

2. The Report of the Commission on the Bankruptcy Laws of the United States proposed that the defense of sovereign immunity be abolished. H.R. Doc. No. 93-137, 93d Cong., 1st Sess. Pt. II § 1-104 (1973). Section 1-104 of the Bankruptcy Commission's proposed draft provided in pertinent part that: "All provisions of the Act shall apply to the United States and to every department, agency, and instrumentality thereof, and to every state and every subdi-

vision thereof except where otherwise specifically provided. . . ." Professor Frank Kennedy, in a discussion of *Automatic Stay; Use of Collateral; Adequate Protection; Obtaining Credit,* in compiled lectures on The Bankruptcy Reform Act of 1978, published by The Institute of Continuing Legal Education (1979), at 63 states: "Section 106 though cryptic in its language goes almost as far" as proposed section 1-104 of the Commission's bill. See also Kennedy, Automatic Stays Under the New Bankruptcy Law, 12 U. of Mich. J. of L. Ref. (No. 1) 3, 29 (1978).

3. The debtor did not proceed under section 547, presumably because the funds were seized in satisfaction of a nonavoidable tax lien. § 547(c)(6).