In re Philip Francis DEBEAUBIEN, Jr. and wife, Mildred Susan Blevins Marlow Debeaubien, d/b/a Continental Trading Co., Eldorado Trailer Co. and Sign Distributors, Debtors.

UNITED AMERICAN BANK IN WASHINGTON COUNTY, Plaintiff,

v.

Philip Francis DEBEAUBIEN, Jr., and wife, Mildred Susan Blevins Marlow Debeaubien, d/b/a Continental Trading Co., Eldorado Trailer Co. and Sign Distributors; United States of America; William L. Lancaster, III, Trustee; Elizabethton Federal Savings & Loan Association, Defendants.

Bankruptcy No. 3-82-00777.
Adv. No. 3-82-0771.

United States Bankruptcy Court,
E.D. Tennessee.

Feb. 7, 1983.

Bryant, Price, Brandt, Fox, Booze & Beeson, Earl R. Booze, Johnson City, Tenn., for plaintiff.

Johnson & Davis, Walter Lee Davis, Jr., Johnson City, Tenn., for defendants Philip Debeaubien and Mildred Debeaubien.

Guy W. Blackwell, Greeneville, Tenn., for defendant United States.

William L. Lancaster, III, Johnson City, Tenn., trustee.

Allen, Nelson & Bowers, John L. Bowers, Jr., Elizabethton, Tenn., for defendant Elizabethton Federal Sav. & Loan Ass'n.

MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

The jurisdiction of this court over both the subject matter in this case and the United States of America is at issue. Plaintiff United American Bank in Washington County[1] alleges the court has jurisdiction over the subject matter and the United States, pursuant to the provisions of the Bankruptcy Code and 26 U.S.C.A. § 7426(a)(1) (1967).[2] Citing § 505[3] of the

---

1. Plaintiff is presently doing business as City & County Bank of Washington County.

2. *Civil actions by persons other than taxpayers*
   (a) *Actions permitted.—*
   (1) *Wrongful levy.—*If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. 26 U.S.C.A. § 7426(a)(1) (1967).

3. *Determination of tax liability*
   (a)(1) Except as provided in paragraph (2) of this subsection, the [bankruptcy] court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Bankruptcy Code, plaintiff requests the court to determine the tax liability to the United States of the debtors and if an obligation is owing to further determine whether that obligation has been discharged in bankruptcy.[4] Plaintiff also requests the court to void a prepetition IRS lien enforcement sale of the debtors' marital residence. The United States contends its sovereign immunity has not been waived under Bankruptcy Code § 106[5] in this case. The United States also denies that 26 U.S.C.A. § 7426 (1967) confers jurisdiction upon this court.

This Memorandum is limited to the question of jurisdiction raised by the motion to dismiss filed by the United States. Findings of fact relevant to this question are based on uncontroverted allegations.

## I

The debtors, Philip Debeaubien and Susan Debeaubien, filed their joint chapter 7 petition on June 1, 1982. The complaint of plaintiff United American Bank in Washington County (Bank) against the debtors and the other defendants was filed on August 27, 1982. The subject matter of this dispute involves the debtors' marital residence, located in Washington County.

The marital residence of the debtors is subject to a first deed of trust in favor of defendant Elizabethton Federal Savings & Loan Association. This first deed of trust, duly recorded on January 18, 1979, was executed by the Clyatts, remote grantors of

the debtors. The Clyatts conveyed the disputed property to Continental Trading Co., a trade name under which Philip Debeaubien formerly did business, on a date undisclosed in the present record. On September 3, 1980, Internal Revenue Service filed a notice of federal tax lien in the Register's Office of Washington County against the property of Philip F. Debeaubien and *Constance L. Debeaubien*, the former wife of the debtor. On September 22, 1980, Continental Trading Co. conveyed the property in question to the debtors. On October 7, 1980, the debtors executed their note for $17,726.26 plus interest to the plaintiff Bank. Contemporaneously with the making of their note, the debtors executed a second deed of trust to the Bank to secure the payment of their $17,726.26 note. This second deed of trust was duly filed for record on October 29, 1980.

On or about May 17, 1982, agents of the Internal Revenue Service sold the marital residence of the debtors at public auction in an attempt to collect the unpaid assessment against Philip Debeaubien and Constance Debeaubien. (The amount of the unpaid assessment stated in the September 3, 1980, notice of federal tax lien is $45,006.44, according to the Bank.) The property was sold to the United States on the basis of a bid of $4,000.00.

The Bank contends its second deed of trust is entitled to priority vis-a-vis the federal tax lien despite the fact that the

---

(2) The court may not so determine—
(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or
(B) any right of the estate to a tax refund, before the earlier of—
(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; and
(ii) a determination by such governmental unit of such request.
11 U.S.C.A. § 505(a) (1979).

4. The order of discharge of debtors was entered by the court on September 14, 1982.

5. *Waiver of sovereign immunity*
    (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit *that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose. . . .*
    (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—
    (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and
    (2) a determination by the court of an issue arising under such a provision binds governmental units.
11 U.S.C.A. § 106 (1979).

notice of the federal tax lien was recorded prior in time. Citing 26 U.S.C.A. § 6323 (1967), the Bank contends its lien is a purchase money deed of trust entitled to priority.

The Bank requests the court to find its second deed of trust has priority vis-a-vis the federal tax lien and to declare the IRS sale of the debtors' marital residence void, since the sale was not conducted subject to the Bank's second deed of trust. Alternatively, alleging the debtors own the marital residence as tenants by the entirety, the Bank asks the court to find the IRS levy and sale affected only the survivorship interest of the debtor Philip Debeaubien. The Bank also requests this court, as authorized by Bankruptcy Code § 505, to determine the liability of Philip Debeaubien with respect to the taxes described in the notice of federal tax lien and to further determine the tax obligation is dischargeable.

The debtors deny they procured the $17,-726.26 loan from the Bank to enable them to purchase their marital residence.[6] The debtors also deny the Bank's allegations that the IRS sale should have been held subject to the Bank's deed of trust and that the sale was void. It is further denied by the debtors that the survivorship interest of Philip Debeaubien was the only interest in the debtors' marital residence against which IRS could legitimately levy and sell.

The United States maintains the waiver of sovereign immunity provided by Bankruptcy Code § 106 is limited to claims against the government arising from the same transaction or occurrence which produced the government's claim. Since no claim has been filed on its behalf, the United States insists there has been no waiver of its sovereign immunity in this case. The United States further insists 26 U.S.C.A. § 7426(a)(1) (1967) confers jurisdiction of plaintiff's dispute with IRS upon the district court, not the bankruptcy court.

6. The debtors assert they purchased their marital residence from Robert M. Griffith, Jr. and that the "Promissory Note, Security Agreement, and Disclosure Statement" of the Bank reflects the proceeds of the loan to them were applied in substantial part to pay off loan

II

The legislative history of § 106(c) of the Bankruptcy Code refutes the assertion of the United States that the waiver of sovereign immunity afforded under § 106 is limited to claims against the government arising from the same occurrence or transaction producing the government's claim.

Section 106(c) relating to sovereign immunity is new .... The provision is included to comply with the requirement in case law that an express waiver of sovereign immunity, is required in order to be effective. Section 106(c) codifies in (sic) re Gwilliam, 519 F.2d 407 (9th Cir. 1975), and in (sic) re Dolard, 519 F.2d 282 (9th Cir.1975), permitting the bankruptcy court to determine the amount and dischargeability of tax liabilities owing by the debtor or the estate prior to or during a bankruptcy case whether or not the governmental unit to which such taxes are owed files a proof of claim. Except as provided in sections 106(a) and (b), subsection (c) is not limited to those issues, but permits the bankruptcy court to bind governmental units on other matters as well. For example, section 106(c) permits a trustee or debtor in possession to assert avoiding powers under title 11 against a governmental unit; contrary language in the House report to H.R. 8200 is thereby overruled.

124 Cong.Rec. S 17406 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6505, 6509.

*Remke, Inc. v. United States,* 5 B.R. 299 (Bkrtcy.E.D.Mich.1980), involved a motion to dismiss an action to recover an alleged preferential transfer to IRS. The government contended it was insulated from suit under the doctrine of sovereign immunity because it had not filed a proof of claim.

# 3008046205, which was a loan from the Bank to Griffith. A determination of Griffith's former interest, if any, in the debtor's marital residence is not a necessary predicate to resolving the jurisdiction issue before the court.

Judge Brody rejected the government's contention in view of the congressional intent expressed in the legislative history of § 106(c).

The jurisdiction of this court to adjudicate the dispute between the Bank and IRS over the priority of their competing interests and the legitimacy of the IRS levy and sale is questionable, even aside from any consideration of the holding in *Northern Pipeline Constr. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

The bankruptcy trustee's report of no distribution was filed on December 6, 1982. This report contains the following statement: "The trustee further reports that by the filing of this report the trustee has abandoned as burdensome assets or (sic) of inconsequential value to the estate all scheduled property not heretofore abandoned." Thus, the subject property of the dispute between the Bank and IRS, the debtors' marital residence, is no longer property of the debtors' estate. (Although the IRS sale of the debtors' marital residence preceded the commencement of their bankruptcy case, the property of their bankruptcy estate included a right of redemption, provided under 26 U.S.C.A. § 6337(b) (1967).)

*Maddox v. United States (In re Lunsford),* 12 B.R. 762 (Bkrtcy.M.D.Ala.1981), involved a priority dispute between the debtor's landlord, Maddox, and Farmers Home Administration (FmHA). Maddox sought to recover proceeds paid by the debtor to FmHA [7] from crops grown on property he had leased to the debtor. FmHA claimed priority to the crop proceeds on the basis of a perfected security interest in the debtor's crops. Maddox contended he had a landlord's lien entitled to priority under state law. The court, after observing the proceeds were neither property of the estate nor claimed by the trustee, concluded it did not have subject matter jurisdiction and granted the government's motion to dismiss.[8]

*In re Bernd,* 20 B.R. 338 (Bkrtcy.E.D.Wis. 1982), involved a priority dispute between Energy Shed, Inc. and the United States Small Business Administration (SBA). The proceeds held by SBA from the sale of inventory, abandoned by the trustee in bankruptcy, were the subject of the conflicting claims. The bankruptcy case had been closed; the administration of the case could not possibly have been affected by the outcome of the dispute between Energy Shed, Inc. and SBA; and other courts had jurisdiction of the priority conflict. These factors convinced Judge Shapiro he should abstain from exercising jurisdiction. See 28 U.S.C.A. § 1471(d) (Supp.1982).[9]

Although the bankruptcy case of the debtors is not closed, the outcome of the dispute in the instant case between the Bank and IRS is inconsequential to the administration of the debtors' estate. The property which is the subject of the controversy is no longer a part of the debtors' estate. Considering the aggregate amount of the liens against the property, there is no equity available for exemption by the debtors. Finally, 26 U.S.C.A. § 7426 (1967) permits commencement in the district court of a challenge to an IRS levy and sale by a party claiming a lien or other interest in the property levied upon by IRS.

Considering these factors, the court finds it unnecessary to determine whether it has jurisdiction of the Bank's challenge to the

---

7. The challenged payment preceded the bankruptcy filing.

8. The holding of *In re Lunsford* was followed in a similar FmHA case involving a priority dispute between FmHA and a bank, claiming priority under a subordination agreement, in *United States v. Bottles,* 20 B.R. 947 (Bkrtcy.C.D.Ill. 1982). The bankruptcy court in *Bottles* noted the adjudication in state court of the priority dispute between FmHA and the bank would not affect the administration of the estate. The property at issue in *Bottles* had also been abandoned by the trustee in bankruptcy.

9. Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
28 U.S.C.A. § 1471(d) (Supp.1982).

legitimacy of the IRS levy and sale of the debtors' marital residence. Assuming *arguendo* the court has jurisdiction over the controversy, it is appropriate for the court to abstain from adjudicating that aspect of the instant case.

The complaint of the Bank shall be dismissed. The dismissal will not prejudice any right of the debtors to have this court determine their tax liability, pursuant to 11 U.S.C.A. § 505 (1979) or any right of the debtors or the United States to seek a determination of nondischargeability of the debtors' federal tax obligations. 11 U.S. C.A. § 523(a)(1) (1979).