**In re DARLING HARDWARE, A partnership consisting of Paul Robert Darling and Ada Marie Darling, Debtor.**

**DARLING HARDWARE, Paul Robert Darling, Ada Marie Darling, and the issue of Paul Robert Darling and Ada Marie Darling, Plaintiffs,**

v.

**UNITED STATES of America, Individual Revenue Agents thereof involved in tax assistance and in the levy and seizure of Darling Hardware and other contact with debtor; and unknown agents and/or representatives of the Internal Revenue Service on the business subsequent to levy and seizure, Defendants.**

Bankruptcy No. NK 81–02474.
Adv. No. 83–1053.

United States Bankruptcy Court,
W.D. Michigan.

June 27, 1985.

Edward Read Barton, P.C., Edward Read Barton, Allegan, Mich., for plaintiffs.

John A. Smietanka, U.S. Atty., Daniel M. La Ville, Asst. U.S. Atty., Grand Rapids, Mich., David P. Monson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

DAVID E. NIMS, Jr., Bankruptcy Judge.

The United States has filed a motion to dismiss the plaintiffs' complaint because of a lack of jurisdiction and because the doctrine of sovereign immunity is an absolute bar to this proceeding.

As this is a related case and the parties have not consented to the bankruptcy judges entering any dispositive orders, this report of the findings of fact and the conclusions of law and recommendations is set forth below.

## FACTS

Darling Hardware, a partnership (Darling) consisting of Paul Darling and Ada Darling, husband and wife, filed a voluntary petition under Title 11 Chapter 11 on June 17, 1981. On July 8, 1981, Darling filed an adversary proceeding for the turnover of assets seized by the Internal Revenue Service of the United States (IRS) just before filing.

Although Darling pleaded the seizure of property, and that IRS had overstated its claim, at no time was there any claim made that the seizure was in any way improper, that excess force was used or that Darling suffered any damage thereby. A stipulation of settlement was filed November 2, 1981, and was approved by the court on the same day. At the pre trial, it was agreed that the seizure took place January 7, 1981, over five months before the Chapter 11 petition was filed and almost ten months before the settlement of the previous proceeding. It is also to be noted that the schedules accompanying the petition, signed by both Mr. & Mrs. Darling under pain of perjury, indicate that Darling had no liquidated debts owed to it nor did it have any contingent or unliquidated claims of any nature.

On June 16, 1983, Darling, Mr. & Mrs. Darling and their issue filed a complaint in this proceeding for damages arising out of the said seizure. In this 13 count, 106 paragraph complaint, plaintiffs seek damages in excess of $10,000 for tortious interference with business, loss of business, intentional infliction of mental and emotional distress, trespass, deprivation of constitutional rights and civil liberties, and causing plaintiffs to incur attorney fees. This complaint was filed over two years and five months after the seizure and almost two years after the filing of the petition.

On February 17, 1984, this case was converted to a case under Title 11 U.S.C. Chapter 7 and a trustee was appointed. On August 8, 1984, an order was entered directing that the trustee either join as a party plaintiff or abandon any interest in the cause of action. On August 15, 1984, the attorney for the trustee filed on his behalf a notice of abandonment of any interest in this adversary proceeding because any claim the debtor might have under the proceeding was "either burdensome to or of inconsequential value to the estate." No objection to the abandonment was filed.

The United States has now filed a motion to dismiss on the basis that this court [1] lacks jurisdiction or in the alternative that the claim against the United States is barred by the doctrine of sovereign immunity. Extensive briefs have been filed by the parties. The motion to dismiss is filed pursuant to Bankruptcy Rule 7012(b) and Fed.R.Civ.P. 12(b)(6).

"In reviewing a dismissal on the pleadings all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. *Davis H. Elliot Co. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir.1975). See generally 2A J. Moore, Federal Practice ¶ 12.08 at 2265–67 (2d ed. 1975) (hereinafter Moore). Dismissals of complaints under the civil rights statutes are scrutinized with special care. See *Azar v. Conley*, 456 F.2d 1382, 1384 n. 1 (6th Cir.1972); *Lucarell v. McNair*, 453 F.2d 836, 838 (6th Cir.1972). A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8 (a)(2) simply requires 'a short and plain statement of the claim showing that the pleader is entitled to relief ...' Fed.R.Civ.P. 8(a)(2). All a complaint need do is afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). See generally 2A Moore ¶ 8.02 at 1611. A motion to dismiss under Rule 12(b)(6) should not be granted 'unless it appears

---

1. When referring to "this court" I mean the U.S. District Court since the bankruptcy court is now a unit of the district court.

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson, supra* at 45–46, 78 S.Ct. at 102. See also *Elliot v. Caribbean Utilities Co., Ltd., supra* at 1182. See generally 2A Moore ¶ 12.08 at 2273–74." *Westlake v. Lucas* 537 F.2d 857 (6th Cir. 1976)

### JURISDICTION UNDER 28 U.S.C. § 1471

28 U.S.C. § 1471 (b), in effect when this proceedings was filed, provided that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Act July 10, 1984, P.L. 98–353, Sec. 113 appears to have amended § 402(b) of Act Nov. 6, 1978, by, in part, revoking this section, but the 1984 Act then added 28 U.S.C. § 1334(b) which added the same language. United States of America, one of the defendants (U.S.) claims that this case is not a "related" case and therefore this court has no jurisdiction. If this case were filed today, the district court under Title 11 would have no jurisdiction as this estate would have no interest in this proceedings. But, at the time it was filed, the debtor was a debtor-in-possession and had a real interest in its claim for damages against the defendants as an asset of it's estate. Once there was an abandonment of any interest in the proceedings by the trustee under the Chapter 7 case, any interest in the alleged claim would rest in the debtor. The joining of any other alleged injured parties would be appropriate to prevent a multiplicity of suits. Whether or not an abandonment of a cause of action by the trustee results in a loss of jurisdiction should depend on whether or not a debtor-plaintiff could be met with a statute of limitations problem were he required to refile his case in a nonbankruptcy forum. Certainly if the limitation problem were to run out while the case was pending in bankruptcy court, an injustice would be created by a dismissal for loss of jurisdiction; to prevent such an injustice, I would find that the case remained a related case.

■ However it would appear that the statute of limitations would be tolled while the case was pending in bankruptcy court for purposes of permitting the plaintiff to later file the same case in another forum. A case filed in federal court within the limitations period but which is later dismissed for want of diversity jurisdiction can be refiled in state court after the statutory period has run. *Shrader, Inc. v. The Ecclestone Chemical Company, Inc.* 22 Mich.App. 213, 177 N.W.2d 241 (1970), appeal dismissed 385 Mich. 789 (1972), relying on Mich.Comp.Laws § 600.5856, ((Mich. Stat.Ann. § 27A.5856) (Callghan, 1977)); cited with approval in *Bonney v. The Upjohn Company* 129 Mich.App. 18, 22, 342 N.W.2d 551 (1983).

The same would also appear to be true when a federal statute of limitations is involved. In *Burnett v. New York Central Railroad Company* 380 U.S. 424, 426, 85 S.Ct. 1050, 1053–54, 13 L.Ed.2d 941 (1965, the court held that when a plaintiff begins a timely Federal Employers' Liability Act case in a state court having jurisdiction there was concurrent federal and state court jurisdiction and defendant is served with process, and plaintiff's case is dismissed for improper venue, the limitation is tolled during the pendency of the state suit.) In *McGowan v. Williams* 623 F.2d 1239 (7th Cir.1980), plaintiff filed a timely action in the state court against a federal driver. Once it was determined that the driver was acting in the scope of his employment, action against the United States government was the exclusive remedy, and the case was properly removed to federal district court, which was the only court with jurisdiction. By that time, though, the statute of limitations period for actions against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2401(b), had run. The court determined that since the federal driver had had proper notice of the action within the time limits, the United States was deemed to have had notice, and held that the timely filing in

state court was timely for purposes of the Tort Claims Act.

■ All of the above-cited cases base their holdings on the purpose of the statute of limitations, which is to give notice to a defendant of the action against him. Since that purpose would be met by a proceeding initiated by a debtor-plaintiff in bankruptcy court, I am satisfied, in view of the above decisions, that a debtor would not be time barred if he had to refile his case in another court.

## PLEADING JURISDICTION

At the time this proceeding was commenced, the court was operating under the so called "interim rules" adopted as part of the local rules of this court by the judges of this court and the bankruptcy judges. Rule 7002 of those rules stated in part,

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a short and plain statement of the grounds on which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it."

This rule has been superceded by Bankruptcy Rule 7008(a) which provides:

"Applicability of Rule 8 F.R.Civ.P. Rule 8 F.R.Civ.P. applies in adversary proceedings. The allegation of jurisdiction required by Rule 8(a) shall also contain a reference to the name, number, and chapter of the case under the Code to which the adversary proceeding relates and to the district and division where the case under the Code is pending."

Fed.R.Civ.P. 8 provides in part:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, * * *"

No where is there any statement relating to jurisdiction in plaintiffs' complaint.

### Sovereign Immunity

■ This court can have no jurisdiction against U.S. unless it has waived its sovereign immunity. *United States v. Sherwood* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *United States v. Shaw* 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); *Essex v. Vinal* 499 F.2d 226 (8th Cir.1974) Cert. denied 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975); *Stout v. United States* 229 F.2d 918 (2d Cir.1956).

As stated in *United States v. Shaw, supra* at pp. 500–501, 60 S.Ct. at 661:

"* * * we may lay the postulate that without specific statutory consent, no suit may be brought against the United States. No officer by his action can confer jurisdiction. Even when suits are authorized they must be brought only in designated courts. The reasons for this immunity are imbedded in our legal philosophy. They partake somewhat of dignity and decorum, somewhat of the political desirability of an impregnable legal citadel where government as distinct from its functionaries may operate undisturbed by the demands of litigants. A sense of justice has brought a progressive relaxation by legislative enactments of the rigor of the immunity rule. As representative governments attempt to ameliorate inequalities as necessities will permit, prerogatives of the government yield to the needs of the citizen."

Thus, unless U.S. by statute has waived its sovereign immunity, this proceeding must be dismissed.

## TORT CLAIMS ACT

■ It is the claim of the plaintiffs that U.S. has waived its immunity by the Tort Claims Act. 28 U.S.C. § 2674 provides in part:

"The United States shall be liable, respecting the provisions of this title relat-

ing to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

" * * * "

But 28 U.S.C. § 2675(a) provides:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. * * "

28 U.S.C. § 2401(b) provides:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

There is no allegation in the complaint that the alleged tort claim was presented to the IRS within two years after the claim accrued and, if so, what disposition was made on such presentation.

The federal courts have adopted a strict rule as to the requirement for submission of a claim to an appropriate agency as a prerequisite to bringing a court action. In one instance a veteran brought an action for damages due to malpractice at a Veterans Administration hospital. The United States claimed that he had failed to present his claim to the V.A. "within two years after such claim accrues." The district court found that the claim did not accrue until he first learned that his hearing loss had probably resulted from neomycin treatment and he suspected negligence. The Court of Appeals affirmed but the Supreme Court reversed stating at pp. 124–125:

"We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government. If there exists in the community a generally applicable standard of care with respect to the treatment of his ailment, we see no reason to suppose that competent advise would not be available to the plaintiff as to whether his treatment conformed to that standard. If advised that he has been wronged, he may promptly bring suit. If competently advised to the contrary, he may be dissuaded, as he should be, from pressing a baseless claim. Of course, he may be incompetently advised or the medical community may be divided on the crucial issue of negligence, as the experts proved to be on the trial of this case. But however or even whether he is advised, the putative malpractice plaintiff must determine within the period of limitations whether to sue or not, which is precisely the judgment that other tort claimants must make. If he fails to bring suit because he is incompetently or mistakenly told that he does not have a case, we discern no sound reason for visiting the consequences of such error on the defendant by delaying the accrual of the claim until the plaintiff is otherwise informed or himself determines to bring suit, even though more than two years have passed from the plaintiff's discovery of the relevant facts about injury." *United States v. Kubrick* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)

In *Melo v. United States* 505 F.2d 1026 (8th Cir.1974) plaintiff and a fellow employee at the post office were involved in an automobile collision on November 1, 1971. On November 23, 1971, plaintiffs attorney notified the Post Office Department of the accident and stated that plaintiff had a claim but did not indicate the nature of the injuries or state the amount of the damages. The Post Office Department acknowledged receipt of the letter and sent forms. On October 12, 1973, suit was filed against the other employee in state court. October 31, 1973, on motion of the United States, the suit was removed to the federal court and the United States was substituted as the defendant. The suit was dismissed on motion of the defendant. The court of appeals amended the dismissal order to show that the dismissal was for lack of jurisdiction. The court held:

1. The letter did not constitute a claim.
2. Filing of an administrative claim is mandatory.
3. Filing of the suit did not confer jurisdiction.
4. There was no duty on the United States to consider a claim until a proper claim was filed.
5. Unless the plaintiff exhausts his administrative remedies, the court has no jurisdiction.

In *Best Bearings Co. v. United States* 463 F.2d 1177 (7th Cir., 1972) plaintiff claimed that special agents of the Federal Bureau of Investigation took bearings belonging to it and did not return them. Motion to dismiss was granted and affirmed on appeal. The court held that the request for the return of the bearings was not a filing of a claim stating at p. 1179:

"The filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the government for damages arising from a tortious occurrence due to the negligence of a federal employee. The language of § 2675(a), Title 18 U.S.C., as amended, is clear and unambiguous and phrased in mandatory terms. The federal regulation implementing the procedure for an administrative claim under the Tort Claims Act provides that a claim shall be deemed to have been presented when the federal agency receives from the injured party written notification of the incident, accompanied by a claim for money damages. The mere filing of a suit does not meet the requirement of § 2675(a) of first presenting a claim to the appropriate federal agency. *Peterson v. United States*, 428 F.2d 368 (8 Cir.1970). *Meeker v. United States*, 435 F.2d 1219 (8 Cir.1970)."

In *Ianni v. United States* 457 F.2d 804 (6th Cir., 1972) appellants attorney sent a letter to the government within the two year period stating he had been retained by appellant and claimed an attorneys lien. He did not demand a sum certain. As no claim in the form required by statute and regulation was presented in the two year period, the district judge dismissed the action. On appeal, the appellant raised for the first time that the regulations were invalid because they went beyond the statute in requiring that a sum certain be set forth in the claim. The panel, in a per curiam decision, held that the regulation was valid and affirmed the order dismissing the action.

But even if I were to find that a proper and timely claim was filed, I would still be faced with 28 U.S.C. § 2680 which provides in part:

"The provisions of this chapter and § 1346(b) of this title shall not apply to—
" * * *
"(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer."

## CIVIL RIGHTS ACT

Though the plaintiffs failed to allege any basis for jurisdiction in their complaint, in their brief they seem to imply that there was a violation of their civil rights and this therefore raised a right of action under the

14th Amendment and the Civil Rights Act. I suppose any tort by a governmental employee is a violation of a person's civil rights. But the courts have not gone that far in searching for a waiver of sovereign immunity. In *Pugh v. Internal Revenue Service* 472 F.Supp. 350 (E.D.P.A., 1979), plaintiff brought action against the IRS, the Philadelphia District Director, Department of the Treasury and United States and an individual for $400,000 damages for threats made by auditors who prevented just assessments and violated plaintiff's civil rights. Motion to dismiss was granted. The court held that no where in the pleadings was there any indication of a violation of plaintiff's 5th Amendment rights or any other discriminatory treatment and any tort claim would be barred by 28 U.S.C. § 2671 et seq.

### 11 U.S.C. § 106

Plaintiffs claim that 11 U.S.C. § 106 waives the sovereign immunity of the United States. This section provides:

"(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsection (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units."

It is to be noted that this waiver of the sovereign immunity could not apply to any of the plaintiffs but the debtor in possession since it can only apply as to "property

of the estate". After the conversion of this case from Chapter 11 to Chapter 7 the trustee abandoned any claim against the United States as having no value or benefit to the estate. As stated in 4 Collier on Bankruptcy (15th Edition Matthew Bender 1985) 554–6 § 554.02(2);

"Under section 541, the trustee no longer takes title to the debtor's property, and upon abandonment under § 554, the trustee is simply divested of control of the property because it is no longer part of the estate. Thus abandonment constitutes a divesture of all interests in property that were property of the estate."

See also *In re Debeaubien* 27 B.R. 713 (Bankr.E.D.Tenn.1983); *In re Bernd* 20 B.R. 338 (Bankr.E.D.Wis.1982). But even if the Trustee were a party to this suit, I could not find that there would be a waiver of sovereign immunity. Under § 106 the sovereign immunity can be deemed waived in three situations.

Under § 106(a) immunity is waived with respect to any claim against a governmental unit that is property of the estate and arose out of the same transaction or occurrence out of which the governmental unit's claim arose. The House and Senate reports both emphasize that this subsection refers to "compulsory counterclaims, as defined in the Federal Rules of Civil Procedure." For a full history of § 106 see *In re Remke, Inc.* 5 B.R. 299 (Bankr.E.D. Mich.1980). As the debtor is a partnership, no income tax is involved. The claim of IRS is that debtor failed to withhold and pay taxes and F.I.C.A. on its employees. The alleged claim of the debtor is that the IRS Taxpayer Service division gave incorrect advise and that the collection division was negligent in the manner of its collection. The advise could have been given years before the final assessment of the tax and the collection process could have occurred years after such assessment. I cannot find that these are the same transaction or occurrence out of which the governmental unit's claim arose.

Under 106(b), the immunity only applies to a set off against the U.S.'s claim of any claim that is property of the estate and is limited to the amount of the claim of the government. This could only be available to the trustee.

Finally, § 106(c) applies only where the Title 11 refers to the terms, "creditor", "entity" or "governmental unit." Again, since the complaint does not refer to the specific section or sections in point, as required by court rules, there is no way the court can determine what the claim might be in this regard. The legislative history refers to the avoiding powers of the trustee such as preferences (§ 545), etc. Since these rights are only available to a trustee or debtor in possession, they could not help a debtor in a Chapter 7 case.

Thus, any waiving of immunity by the U.S. under § 106 would not be applicable in this case.

## CONCLUSION

From the above I conclude that the United States District Court does not have jurisdiction over the United States because of the sovereign immunity.

## SUIT AGAINST OTHER DEFENDANTS

Plaintiffs not only sued the United States but also "Individual Revenue Agents thereof involved in tax assistance and in the levy and seizure of the assets of Darling Hardware and other contact with debtor; and unknown agents and/or representatives of the Internal Revenue Service on the business subsequent to levy and seizure."

The original complaint was filed June 16, 1983. On February 6, 1985, the court received a hand written unsigned note on "Amway Grand Plaza Hotel" stationery stating in full as follows:

"addresses of additional Defendants have been obtained. Please issue summons."

Attached to this note was a form of a summons for an adversary proceeding with the same caption showing "unknown agents and/or representatives of the Inter-

nal Revenue Service." No effort has been made to amend the complaint or to amend the caption to furnish the actual names of the defendants. The Federal Tort Claims Act and 28 U.S.C. § 2680(c) do not confer jurisdiction over the individual agents. *Copazzoli v. Tracey* 663 F.2d 654 (5th Cir. 1981). Again, no basis for jurisdiction is set forth in the complaint. In *Pugh v. Internal Revenue Service* 472 F.Supp. 350 (E.D.Pa.1979). Plaintiff brought action against the IRS, the Philadelphia District Director, another individual, Department of the Treasury and the United States for $400,000 damages for threats made by auditors who prevented just assessments and violated plaintiff's civil rights. Motion to dismiss was granted.

The court held that the pleadings failed to indicate any violations of plaintiff's 5th Amendment Rights or of any discriminatory treatment. Any tort claim against U.S. would be barred by 28 U.S.C. § 2671 et seq. As to the individual acts of the agents, the court held it had no jurisdiction citing *Morris v. U.S.* 521 F.2d 872 (9th Cir.1975) which held that the Tort Claim Act did not create a general federal cause of action for tortious conduct against federal employees. But, even if the court would by some means have jurisdiction it would be well to dismiss this part of the proceedings. As stated in *In re Debeaubien* 27 B.R. 713 (Bankr.E.D.Tenn.1983),

"Although the bankruptcy case of the debtors is not closed, the outcome of the dispute in the instant case between the Bank and IRS is inconsequential to the administration of the debtors' estate. The property which is the subject of the controversy is no longer a part of the debtors' estate. Considering the aggregate amount of the liens against the property, there is no equity available for exemption by the debtors. Finally, 26 U.S.C.A. § 7426 (1967) permits commencement in the district court of a challenge to an IRS levy and sale by a party claiming a lien or other interest in the property levied upon by IRS.

Considering these factors, the court finds it unnecessary to determine whether it has jurisdiction of the Bank's challenge to the legitimacy of the IRS levy and sale of the debtors' marital residence. Assuming arguendo the court has jurisdiction over the controversy, it is appropriate for the court to abstain from adjudicating that aspect of the instant case."

Because of the Findings of Fact and the Conclusions of Law set forth above, I recommend:

1. That the motion to dismiss be granted with prejudice.

2. That this proceeding be dismissed as to all other defendants without prejudice.

Respectfully submitted.