In the Matter of WINDRUSH
ASSOCIATES II, Debtor.

In re WINDRUSH ASSOCIATES
III, Debtor.

In re WINDRUSH FARMS IV, Debtor.

Thomas M. GERMAIN,
Trustee, Plaintiff,

v.

COLORADO STATE
UNIVERSITY, Defendant.

Bankruptcy Nos. 2–87–01141, 2–87–01142
and 2–87–01143.
Adv. Nos. 2–88–0003, 2–88–0004
and 2–88–0005.

United States Bankruptcy Court,
D. Connecticut.

Sept. 6, 1989.

Thomas M. Germain, Hartford, Conn., for trustee-plaintiff.

Gerald L. Garlick, Leventhal, Krasow & Roos, P.C., Hartford, Conn., for defendant.

RULING RE: DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ON
TRUSTEE'S COMPLAINT TO AVOID
A FRAUDULENT TRANSFER

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

Thomas M. Germain, as trustee of three separate bankruptcy cases, filed an adversary proceeding in each case against a common defendant, Colorado State University. Germain sued to avoid a transfer or to recover damages arising out of the sale of certain horses owned by each of the debtors when the defendant foreclosed an agistor's lien pursuant to Colorado law. Germain contends that the foreclosure sale constituted a fraudulent transfer because reasonably equivalent value for the horses was not received.[1] The defendant has filed

---

1. Bankruptcy Code § 548(a)(2)(A) states: "The trustee may avoid any transfer of an interest of the debtor in property ... made ... within one year before the date of the filing of the petition,

identical motions for summary judgment in all proceedings raising the following questions: (1) whether a Colorado court's ruling that the defendant paid reasonable value for the debtors' horses it purchased at a foreclosure sale estops the trustee of the debtors' estates from attacking the sale as a fraudulent transfer, and (2) whether the Eleventh Amendment prohibits the trustee from suing the defendant in federal court. The parties' briefs, affidavits and statement of facts not in dispute provide the basis for the following background.

## II.

Pursuant to a written agreement between the defendant and Windrush Farms IV, Windrush Associates II and Windrush Associates III (the debtors), the defendant boarded the debtors' horses. On April 25, 1986, the defendant brought an action in a state court in Colorado against the debtors to fix the debt due from the debtors and to establish its right to an agistor's lien. Under Colorado law, services such as those provided by the defendant give rise to an agistor's lien on the animals cared for. On May 13, 1986, the Colorado court entered a judgment finding that the debtors owed the defendant $890,119.74; that the defendant was entitled to an agistor's lien; and that the defendant had the right to sell the horses pursuant to state statute.

The defendant, on November 10, 1986, conducted a public auction of the horses at which the defendant bid $300,000.00 and thereby acquired ownership of the horses. On November 18, 1986, the defendant filed in the Colorado court a "Return and Report of Sale" and a "Motion For Order Approving Sale." The following day the debtors filed a "Motion To Set Aside Sale," asserting that the auction conducted by the defendant failed to comply with statutory requirements, the defendant's bid ($300,-000.00) compared to the value of the horses ($6,200,000.00) resulted in unjust enrich-

if the debtor voluntarily or involuntarily—received less than a reasonably equivalent value in exchange for such transfer ..." and was insolvent or thereby became insolvent as a result of such transfer. 11 U.S.C. § 548(a)(2)(A) and (B) (Supp.1989).

ment of the defendant, and the sale was not conducted in a commercially reasonable manner. At a hearing held on these motions on December 23, 1986, the debtors apparently failed to appear. The court denied the motion to set aside the sale, granted the motion to approve the sale, and held the $300,000.00 bid was reasonable.[2]

On November 9, 1987, the debtors filed separate chapter 7 petitions in Connecticut, and Germain became trustee of each estate. Germain filed his complaint against the defendant on January 11, 1988, alleging the auction sale amounted to a fraudulent transfer under 11 U.S.C. § 548(a)(2)(A). The defendant filed a proof of claim in each bankruptcy case on March 10, 1988. The proofs assert that $788,226.04 remains unpaid on the judgment entered on May 13, 1986 against the debtors.

## III.

Rule 56(c) of the Fed.R.Civ.P., made applicable by Bankr.R. 7056, states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "court must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought...." *Hathaway v. Coughlin,* 841 F.2d 48, 50 (2d Cir.1988) (citations omitted).

## A.

The defendant's first contention is that the trustee's claims are barred by the doctrines of collateral estoppel and *res judicata,* and by 28 U.S.C. § 1738. Under § 1738, courts are required to give to the records and judicial proceedings of any state court "the same full faith and credit

2. The parties' affidavits and statement of facts do not disclose the record on which the state court reached its conclusions as to reasonableness and sale approval.

... as they have by law or usage in the courts of such State...." The defendant asserts that this court must accordingly give the same preclusive effect to the Colorado court's ruling on the issue of the adequacy of the sales price at the foreclosure sale as would a Colorado court.

In Colorado, judgments are entitled to preclusive effect of issues only if the following test is met:

> (1) the issue sought to be precluded must be identical to an issue actually and necessarily decided in the prior proceeding; (2) there must have been a final judgment on the merits at the first proceeding; (3) there must be identity of parties or privity between the parties against whom the doctrine is asserted; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Williamsen v. People*, 735 P.2d 176, 182 (Colo.1987). Colo.Rev.Stat. §§ 38–20–101 through 38–20–101 (1988) govern creation and foreclosure of agistor's liens. Agistor's liens are granted a priority over any other liens placed on the animals. Colo. Rev.Stat. § 38–20–102(1)(b) (1988). There apparently is no requirement that any persons who hold previously or subsequently recorded encumbrances be made parties to the foreclosure action or that any type of personal notice of the foreclosure action or of the auction be given to such persons. The statute permits the agistor's lienholder, after conducting the auction, to turn over to the owner property or sale proceeds not needed to satisfy the agistor's debt and cost of sale. Colo.Rev.Stat. § 38–20–109(1) (1988). The defendant has not cited to the court, nor has the court located, any Colorado statute or court rule that requires the foreclosing agistor's lienholder to seek court approval of the sale once the judgment authorizing the sale has been entered.

### B.

■ I conclude that the test for the application of collateral estoppel has not been met on the record submitted. The trustee was neither a party to the Colorado proceeding nor in privity with the debtors who were. Creditors of the debtors, both secured and unsecured, were not necessary parties to the Colorado court foreclosure action. For the purposes of § 548(a)(2)(A) actions, a chapter 7 trustee normally will not be in privity with the debtor. The trustee's § 548(a)(2)(A) action is solely for the benefit of the creditors of the debtors' estates. Where only the debtors and the foreclosing creditor are parties, and where the debtors did not contest the issue of reasonableness of the auction price, it would be inappropriate to have that litigation preclude a trustee from pursuing a § 548(a)(2)(A) claim. *Cf. Shuman v. McDonald (In re Shuman)*, 78 B.R. 254, 256 (Bankr. 9th Cir.1987) ("The defense of a cause of action by a debtor [prepetition] does not necessarily represent the rights of a bankruptcy trustee."). *Cf. also Rodino v. Barondess (In re Good Time Charley's, Inc.)*, 54 B.R. 157, 160 (Bankr.D.N.J.1984) ("substance rather than form determines the scope of identity of parties" for collateral estoppel purposes).

The defendant relies on *Perdido Bay Country Club Estates v. Equitable Trust Co. (In re Perdido Bay Country Club Estates)*, 23 B.R. 36, 41 (Bankr.S.D.Fla. 1982). *Perdido* applied, as an alternative basis for the court's holding, the doctrine of collateral estoppel to a debtor in possession who commenced a fraudulent transfer action when, as the prepetition debtor, it had failed to challenge in a state foreclosure action the adequacy of the sales price. *Perdido* may be distinguished from the present matter either on the ground that its holding was *dicta*, that the Florida foreclosure procedures differed markedly from those of Colorado, or that the plaintiff was not a chapter 7 trustee. If not so distinguishable, I do not choose to follow this aspect of the *Perdido* ruling.

Furthermore, and alternatively, estoppel is not applicable because a state standard on the adequacy of consideration received at a foreclosure sale does not determine the outcome of a § 548(a)(2)(A) complaint. It is a *federal rule* that will determine whether reasonably equivalent value was received.

*In re Bundles*, 856 F.2d 815, 821, 822–23 (7th Cir.1988).

### IV.

### A.

 The defendant's motion for summary judgment next contends that Colorado State University is an instrumentality of the State of Colorado, and that under the Eleventh Amendment the trustee may not sue the defendant in federal court without the defendant's consent. The plaintiff does not challenge the defendant's entitlement to whatever Eleventh Amendment immunity the State enjoys.

Assuming that the defendant is entitled to such immunity, the defendant is deemed to have waived this immunity when it filed a proof of claim in each of these bankruptcy cases. Bankruptcy Code § 106(a) provides: "A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose." 11 U.S.C. § 106(a). The proofs of claim filed by the defendant state that they arise out of the May 13, 1986 judgment which held that the defendant had a valid agistor's lien on the debtors' horses for $890,119.74 and authorized the defendant to foreclose its lien in accordance with Colorado law. On its face, the defendant's proof of claim arises out of the same transaction and the same occurrences which the trustee now seeks to avoid. The defendant has waived its sovereign immunity, and this court has jurisdiction to hear and determine the trustee's lawsuit. *See Connecticut Performing Arts Found. v. Brown*, 47 B.R. 911 (D.Conn.1985), *aff'd*, 801 F.2d 566 (2d Cir.1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1607, 94 L.Ed.2d 793 (1987); *WJM, Inc. v. Massachusetts Dep't. of Pub. Welfare*, 840 F.2d 996 (1st Cir. 1988).

### B.

 The defendant also urges that because neither the debtors nor the trustee satisfied Colo.Rev.Stat. § 24–10–109's notice requirement (the filing of a written notice with the defendant within 180 days after the date of discovery of the injury) for suing a state instrumentality, the trustee is now barred from asserting his fraudulent transfer claim. Section 24–10–109 is inapplicable in the present matters because it obviously deals with other circumstances (*i.e.*, non-bankruptcy) under which the State of Colorado will waive its sovereign immunity for causes of action based upon torts. The defendant, by filing its proofs of claim, waived its claim of sovereign immunity and § 24–10–109 has no applicability to the present proceedings.

### V.

For the reasons stated, the defendant's motion for summary judgment in all three proceedings is denied. It is

SO ORDERED.