### In re COOK UNITED, INCORPORATED, Debtor.

### Robert D. STOREY, Trustee, Plaintiff,

v.

### CITY OF TOLEDO, Defendant.

**Bankruptcy No. B87–1371.
Adv. No. B89–716.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

June 26, 1990.

Michael Zaverton, Dettlebach, Sicherman & Baumgart, Cleveland, Ohio, special counsel to the debtor.

Jules L. Markowitz, R. Jeffrey Pollock, Burke, Haber & Berick Co., Cleveland, Ohio, for plaintiff/trustee.

Joseph Goldberg, Sr. Atty., City of Toledo Law Dept., Toledo, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

This matter is before the Court upon the motion of the City of Toledo, Ohio (the City) seeking a dismissal of the case trustee's action to recover an alleged preferential transfer, based upon a non-waiver of sovereign immunity. Upon the findings and conclusions set forth herein, said motion is denied.

The Debtor, Cook, United, Inc., caused to be filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which was subsequently converted for liquidation under Chapter 7. During the pendency of the Chapter 11, the Debtor scheduled certain liabilities owing to the City, including various priority tax claims and general unsecured claims. A review of the case's claims register reveals that a proof of claim was filed by the City's Department of Public Utilities in an amount of $2,208.64. The present action which seeks the recovery of an alleged preferential transfer is against the City, whose taxation department was the transferee of the alleged preference. It is undisputed

that no proof of claim was filed on behalf of the taxation department. Following the commencement of this adversary proceeding, the City sought a dismissal of the Complaint.

## II.

The principal issues for the Court's determination are (1) Whether sovereign immunity is waived by an agency of a governmental entity filing a proof of claim in a bankruptcy case; (2) Whether a money judgment can be obtained against a governmental entity in a preference action where sovereign immunity has been waived. In order to support its motion for dismissal, the burden of proof is upon the City, and such burden is to be carried by a preponderance of the evidence.

The Defendant, City of Toledo, relies on a recent decision of the U.S. Supreme Court to support its dismissal motion.

In a 5–4 decision, the U.S. Supreme Court held that § 106(c) of the Bankruptcy Code [11 U.S.C. 106(c) ] did not abrogate the Eleventh Amendment immunity of the several states. *See, Hoffman v. Connecticut Income Dept.*, 492 U.S. ——, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989). The issue presented in that case was whether § 106(c) of the Bankruptcy Code authorizes a bankruptcy court to issue a money judgment against a state that has not filed a proof of claim in the bankruptcy proceeding. *Id.* 492 U.S. at ——, 109 S.Ct. at 2821, 106 L.Ed.2d at 82. As the issue in *Hoffman* is different from the issue at bar, the reliance on that case's decision asserted by the City is misplaced.

*Hoffman* concerned two independent adversary proceedings filed by the case trustee to recover certain funds which were believed to be assets of the debtors' bankruptcy estates. One action was premised on recovery under § 542, while the other sought to recover an alleged preferential transfer pursuant to § 547(b) of the Bankruptcy Code. Upon the State's motions to dismiss, the Bankruptcy Court denied both motions, relying on § 106(c) as having abrogated the states' Eleventh Amendment immunity from actions under §§ 542(b) and

547(b) of the Code. On appeal to the District Court, the Bankruptcy Court was reversed. The Second Circuit affirmed the District Court, while specifically rejecting the debtor's reliance on the legislative history of § 106(c). In that regard, it held that the expression of congressional intent was not contained in the language of the statute as is required by *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). The Second Circuit further held that the actions brought by the trustee were not within the scope of § 106(c) and were therefore barred by the Eleventh Amendment.

Recognizing that the Second Circuit's ruling in *Hoffman* conflicted with a ruling on the same issue by the Third Circuit in *Vasquez v. Penn. Dept. of Public Welfare*, 788 F.2d 130, 133 (3rd Cir.), *cert. denied*, 479 U.S. 936, 107 S.Ct. 414, 93 L.Ed.2d 365 (1986), the Supreme Court granted certiorari to resolve the conflict. In doing so, it affirmed the decision of the Second Circuit.

Writing for the majority, Justice White opined that neither § 106(a) nor § 106(b) provide a basis for the estates' actions since the state did not file a proof of claim in either of the underlying Chapter 7 cases. *Id.* 492 U.S. at ——, 109 S.Ct. at 2821–22, 106 L.Ed.2d at 83. When any of the entities defined under § 101(26)'s definition of "governmental unit" is in issue in a bankruptcy case, and enjoys sovereign immunity, it is subject to the waiver provisions of 106. *Id.*

## III.

■ Section 106 of the Bankruptcy Code provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such

governmental unit that is property of the estate.

(c) Except as provided in subsection (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains 'creditor', 'entity', or 'governmental unit' applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units. 11 U.S.C. 106.

As indicated above, § 106(a) provides a limited waiver of a state's sovereign immunity respecting a claim against any governmental unit that is (1) property of the estate and which (2) arose out of the same transaction or occurrence from which the governmental unit's claim arose. Under § 101(26), "governmental unit means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States ... a state, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. 101(26). When any of the entities defined under § 101(26)'s definition of "governmental unit" is in issue in a bankruptcy case, and enjoys sovereign immunity, it is subject to the waiver provisions of 106. *Id.*

In the present action, it is undisputed that the City's Department of Public Utilities filed a timely proof of claim against the Debtor's estate. The action at bar is for recovery of an alleged preferential transfer made by the Debtor to the City's Division of Taxation. As acknowledged by the Trustee, the Division of Taxation did not file a proof of claim against the Debtor's estate. For this reason, the City's Taxation Division seeks the dismissal of this adversary proceeding, alleging that no waiver of the City's sovereign immunity occurred. The Trustee, however, strenuously argues the City has waived its sovereign immunity by filing a proof of claim through one of its agencies, although an agency different from the one it seeks to recover an alleged preferential transfer. To allow the City to successfully defend by asserting a non-waiver of sovereign immunity in this regard would create an effect not intended by Congress as it would tend to unfairly discriminate among any distribution to a debtor's creditors.

█ Upon an examination of the record generally, it is clear that the City of Toledo, a political subdivision of the State of Ohio, has waived its sovereign immunity and submitted itself to this Court's jurisdiction by filing a proof of claim in this case. This is evinced from the proof of claim filed by the City's Public Utilities Department. As noted above, § 106(a) of the Code [11 U.S.C. 106(a) ] provides a limited waiver of sovereign immunity in bankruptcy cases and governs affirmative recovery. A complaint to avoid an alleged preferential transfer is a form of affirmative recovery. Subsection 106(a) only creates a partial waiver of sovereign immunity. The doctrine of sovereign immunity has been applied to the bankruptcy context to protect state and federal governments from the assertion against them of claims belonging to the debtor. See, 2 Collier on Bankruptcy ¶ 106.01 (15th Ed.1989 supp.). The legislative history of § 106(a) provides for a limited waiver of sovereign immunity in bankruptcy cases. Although Congress has the requisite power to waive sovereign immunity for the federal government completely in bankruptcy cases, the Congress attempted under § 106(a) to achieve a similar result that would prevail outside of bankruptcy. *Id., citing,* H.R.Rep. No. 595, 95th Cong., 1st Sess. 317 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 29–30 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5814–5816, 6274. The waiver occurred when the City's utilities department filed its proof of claim. The filing of a proof of claim by at least one agency of a state or municipality is sufficient to abrogate the Eleventh Amendment immunity to suit otherwise afforded to that state or municipality. *In re St. Joseph's Hospital,* 103 B.R. 643 (Bankr. E.D.Pa.1989). It is also well-established that the filing of a proof of claim by a state or municipality constitutes a voluntary sub-

mission to the jurisdiction of the Bankruptcy Court and waives any element of immunity under the Eleventh Amendment. *Clark v. Barnard*, 108 U.S. 436, 447, 2 S.Ct. 878, 882–83, 27 L.Ed. 780 (1883); *St. Joseph's, supra*, at 650; *In re Windrush Assoc. II*, 105 B.R. 195 (Bankr.D.Conn. 1989) (Sovereign immunity waived in a § 548 action based on foreclosure of agister's lien where defendant filed proof of claim asserting lien.); *In re Price*, 103 B.R. 989 (Bankr.N.D.Ill.1989) (under § 106(a), IRS's filing of proof of claim waived sovereign immunity); *In re Lile*, 103 B.R. 830 (Bankr.S.D.Tex.1989), *accord*. Although the present language of § 106(a) omits language from an earlier version which expressly required that a governmental unit must file a proof of claim before its sovereign immunity is waived, the more frequent judicial interpretation of § 106(a) and (b) conditions such a waiver upon the filing of a proof of claim. *In re Neavear*, 674 F.2d 1201, 1204 (7th Cir.1982); *In re Remke, Inc.*, 2 C.B.C.2d 670, 673 n. 1 (Bankr.E.D.Mich.1980). In this regard, this Court is not persuaded by the City's argument that the City's taxation and utilities departments are separate agencies, and the taxation department never filed a proof of claim in the case. The thrust of that contention is that these separate agencies possessed claims arising from different transactions. As stated herein, a filing by any agency of a municipality is sufficient to effect a waiver of immunity and voluntarily submit that governmental entity to the Court's jurisdiction.

 A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *U.S. v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *In re Town & Country Home Nursing Svcs., Inc.*, 112 B.R. 329 (9th Cir. BAP 1990). The waiver of immunity must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983). This is not to suggest, however, that the statute is to be construed in an unduly formalistic or restrictive manner, as the intent to waive

sovereign immunity and the scope of the waiver are to be ascertained by interpreting the statute in view of any underlying congressional policy. *Franchise Tax Board of Calif. v. U.S. Postal Svc.*, 467 U.S. 512, 521, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984). It should be further noted that the legislative history of the ... "arose out of the same transaction or occurrence ..." language of § 106(a) signifies that the filing of a proof of claim against the estate by a governmental unit is a waiver by that governmental unit of sovereign immunity with respect to compulsory counterclaims arising out of the same transaction or occurrence.

The operative assumption of § 106(a) is that it would be manifestly unfair to permit the government to receive a distribution from the estate in liquidation or reorganization and not subject itself to liability. Accordingly, any other result would be "one-sided", and the governmental unit is prohibited from receiving distribution from the estate without subjecting itself to liability exposure it has to the estate within the confines of the compulsory counterclaim rule. 2 Collier on Bankruptcy, ¶ 106.02, 15th ed., *citing*, H.R.Rep. No. 595, 95th Cong., 1st Sess. 317 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 29–30 (1978). That would be the precise result in the matter at bar, if the City's contention was well-founded, which it is not.

It is unquestioned that § 106(a) and (b) afford a limited waiver of a governmental unit's sovereignty. The factual matters of the case at bar are clearly within the parameters of § 106(a). As such, the import of § 106(c), as fully addressed by the U.S. Supreme Court in *Hoffman*, is not applicable herein. To the extent certain portions of the *Hoffman* decision are controlling, I find no inconsistency with its holding and the instant ruling.

Both the taxation department and the public utilities department are agencies of the City of Toledo, which is a political unit of the State of Ohio. Here, it is clear that these separate agencies of the City were involved in separate transactions regarding the Debtor's estate. Nevertheless, a limit-

ed waiver of the City's sovereign immunity occurred when it filed its claim against the Debtor's estate, although that filing involved a different transaction from the one underlying the subject adversary proceeding. The waiver occurs under § 106 when any agency of a governmental unit files a claim against a debtor's estate. *St. Joseph's, supra.*

 Upon petition filing the Debtor's estate was created. This event provided the "occurrence" in which the City waived its sovereign immunity by the filing of a proof of claim for its utilities department against the Debtor's estate. Under § 106(a), the government unit waives its sovereign immunity where its claim arose from the same "transaction or occurrence" that the estate's claim arose. As noted, this language speaks alternatively of a "transaction" or "occurrence". In the absence of any legislative history to the contrary, it is hereby found that the Congress did not intend for those two words to be construed synonymously.[1] If Congress had intended for the words "transaction" and "occurrence" to have had the same meaning, it conveniently could have chosen to eliminate one or the other word. It, apparently, chose not to do so. See, *Weinberger v. Hynson, Westcott & Dunning,* 412 U.S. 609, 633, 93 S.Ct. 2469, 2485, 37 L.Ed.2d 207 (1973) ( [A]ll parts of a statute, if at all possible, are to be given effect.); *U.S. v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955). (The cardinal principle of statutory construction is to save and not to destroy. It is our duty to give effect, if possible, to every clause and word of a statute.). Thusly, there is no requirement for the subject claims to have arisen under the same transaction where both claims have otherwise emanated from the same "occurrence". It was within this same "occurrence", the bankruptcy petition filing, that the case trustee commenced an adversary proceeding to recover on an alleged preferential transfer. Accordingly, with both the governmental unit's (City's)

claim and the estate's claim arising under the same occurrence, a limited waiver of the City's sovereign immunity has been established.

 Section 106 of the Bankruptcy Code affords a limited waiver of a governmental unit's sovereign immunity—not a selective waiver of that immunity. The City's argument that no waiver occurred by virtue of the City having two separate and unrelated agencies involved in this matter is without merit. An adoption of the City's position would improperly countenance a "selective" waiver of sovereign immunity, which is neither the letter nor spirit of § 106. Further, under § 106(a), money judgments are recoverable as are allowable under § 550 of the Bankruptcy Code.

### Conclusion

A waiver of sovereign immunity has been established under § 106 of the Bankruptcy Code, and the City's motion to dismiss is hereby denied.

IT IS SO ORDERED.

---

1. See, "Occurrence": A coming or happening. Any incident or event, especially one that happens without being designed or expected. Black's Law Dictionary, 974 5th Ed. "Transaction": Act of transacting or conducting any business; negotiation; management; proceeding; that which is done; an affair.... *Id.* at 1341.