**In re COMPUGARD SERVICES, INC., Debtors.**

**Steven S. Davis, Trustee, Plaintiff,**

**v.**

**Lake Erie Interlock, Inc., et al., Defendants.**

**Bankruptcy No. 03–22529. Adversary No. 05–1171.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Sept. 2, 2005.

Frederic P. Schwieg, Cowden, Humphrey, Nagorney & Lovett, Cleveland, OH, for plaintiff.

Michael J. Moran, Gibson & Lowry, Cuyahoga Falls, OH, James R. Russell, Goldman & Rosen, Ltd., Akron, OH, Lucas Chambers Ward, Attorney General's Office, Columbus, OH, for defendants.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is the State of Ohio's Department of Youth Services' (DYS) motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable to this proceeding under Bankruptcy Rule 7012(b)(1). In the alternative, DYS seeks dismissal under Rule 12(b)(6)(failure to state a claim). The Chapter 7 Trustee (Trustee) has timely objected. The Court acquires core matter jurisdiction over this proceeding under 28 U.S.C. 157(b)(2)(J) and General Order No. 84 of this District. Upon a hearing and an examination of the parties' respective briefs and supporting documentation, the following findings and conclusions are made pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

*

The complaint allegations provide, in part that: The Debtor was engaged in providing electronic monitoring equipment and services ("Monitoring") for home detention programs operated by Lake County. On or about July 1, 2003 the Debtor entered into a contract with Lake County to provide Monitoring through June 30, 2004 ("Lake County Contract"). On or about July 1, 2003 the Debtor entered into a contract with DYS to provide Monitoring through June 30, 2005 ("DYS Contract" and collectively with the Lake County Contract the "Contracts").

On or about September 15, 2003, Kenneth Wisniewski and Richard Friedman formed Lake Erie Interlock, Inc. ("LEI").

Wisniewski is the President of the Debtor and an insider of the Debtor as defined in 11 U.S.C. § 101, and is also an officer of LEI. Friedman is the Vice–President of the Debtor and is an insider of the Debtor and an officer of LEI.

The Debtor filed the bankruptcy case on or about September 18, 2003. On the Debtor's Schedule B it listed $6,794.00 as being due from Lake County, and $1,911.00 as due from DYS. Thereafter the Trustee received $2,812.00 from Lake County for invoices due the Debtor under the Lake County Contract. Thereafter the Trustee received $1,911.00 from DYS for invoices due the Debtor under the DYS Contract. On September 19, 2003, the Debtor filed for voluntary relief under Chapter 7 proceedings of the Bankruptcy Code. On April 6, 2005, the Trustee filed a complaint against the Debtor and other named defendants. The adversary complaint alleges, in part, that Debtor paid certain monies belonging to the Debtor's estate to co-defendant Lake Erie Interlock (LEI) after receiving notice from the Trustee. The complaint further alleges that on or about July 1, 2003 the Debtor entered into a contract with DYS to provide Monitoring through June 30, 2005 ("DYS Contract" and collectively with the Lake County Contract the "Contracts"). Count VII provides that "after learning of thie (sic) filing of the bankruptcy case, Lake County and DYS paid monies due the Debtor to LEI and/or Mssrs. Friedman and Wisniewski." Trustee alleges that pursuant to 11 U.S.C. §§ 541, 549 and 550 he may recover the value of the monies due the Debtor that Lake County or DYS paid to LEI and/or Mssrs. Friedman and Wisniewski after they learned of the filing of the bankruptcy case from Lake County or DYS.

* *

DYS now moves for dismissal under Rule 12(b)(1) on the alleged grounds that this Court lacks jurisdiction over it because of sovereign immunity. DYS and the Trustee, through his objection, to dismissal acknowledge that the Sixth Circuit's *Hood v. Tenn. Student Assis. Corp. (In re Hood)*, 319 F.3d 755 (6th Cir.2003), aff'd 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) primarily governs the determination of this matter. DYS also, in the alternative, seeks dismissal under Rule 12(b)(6) alleging that the Trustee's complaint fails to state a claim upon which relief can be granted.

* * *

The dispositive issues are whether sovereign immunity prevents this Court from exercising jurisdiction over the Department of Youth Services, or whether under Rule 12(b)(6) should be dismissed as a party-defendant for failure to state a claim upon which relief may be granted.

* * * *

■ The Eleventh Amendment to the United States Constitution prohibits the federal courts from hearing suits against unconsenting states in federal court which are based upon either diversity of citizenship, or those suits which are brought against an unconsenting state by one of its own citizens as well as by citizens of another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Hans v. Louisiana*, 134 U.S. 1, 18–19, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This immunity from suit also extends to any duly created agencies of the state, and thus the state entities involved in the present proceeding are entitled to the protections afforded by the Eleventh Amendment. *Pennhurst State School*, 465 U.S. at 100–01, 104 S.Ct. at 907–08; *Hall v. Medical College of Ohio*, 742 F.2d 299, 302 (6th Cir.1984), *cert. denied*, 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985). Thus private suits against states may pro-

ceed only if the state waives sovereign immunity or if Congress, acting pursuant to a valid constitutional authority, abrogates the state's sovereign immunity. *See In re Hood,* 319 F.3d at 755.

■ In *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Supreme Court of the United States had the occasion to address the scope of the Eleventh Amendment as it relates to Congress' authority to abrogate a state's sovereign immunity and held that:

> Even when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction.

*Id.* at 72–73, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (footnote omitted). *Hood* established that the *Seminole Tribe* inquiry must proceed in two parts. First, the Supreme Court requires that to abrogate the States' Eleventh Amendment immunity from suit in federal court ... Congress must make its intention "unmistakably clear in the language of the statute." The second inquiry is whether Congress' attempt to abrogate state sovereign immunity was pursuant to sufficient authority. *Hood* is clear that § 106 provides Congress' unmistakable intent to abrogate the States' Eleventh Amendment immunity under § 106 of the Bankruptcy Code and that sufficient authority was so established. Section 106 of the Bankruptcy Code provides:

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
>
> (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
>
> (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
>
> (3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.
>
> (4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.
>
> (5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.
>
> (b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such

governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

(c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

11 U.S.C. § 106. As indicated above, § 106(b) provides a limited waiver of a state's sovereign immunity respecting a claim against any governmental unit that is (1) property of the estate and which (2) arose out of the same transaction or occurrence from which the governmental unit's claim arose. Under § 101(26), "governmental unit means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States ... a state, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. 101(26). When any of the entities defined under § 101(26)'s definition of "governmental unit" is in issue in a bankruptcy case, and enjoys sovereign immunity, it is subject to the waiver provisions of § 106. *Id. Storey, Trustee v. City of Toledo (In re Cook United, Inc.),* 117 B.R. 301, 303–304 (Bankr.N.D.Ohio 1990). This Court has previously opined:

> The filing of a proof of claim by at least one agency of a state or municipality is sufficient to abrogate the Eleventh Amendment immunity to suit otherwise afforded to that state or municipality. *In re St. Joseph's Hospital,* 103 B.R. 643 (Bankr.E.D.Pa.1989). It is also well-established that the filing of a proof of claim by a state or municipality consti-

tutes a voluntary submission to the jurisdiction of the Bankruptcy Court and waives any element of immunity under the Eleventh Amendment. *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 882–83, 27 L.Ed. 780 (1883); *St. Joseph's, supra,* at 650; *In re Windrush Assoc. II,* 105 B.R. 195 (Bankr.D.Conn. 1989) (Sovereign immunity waived in a § 548 action based on foreclosure of agister's lien where defendant filed proof of claim asserting lien.); *In re Price,* 103 B.R. 989 (Bankr.N.D.Ill.1989) (under § 106(a), IRS's filing of proof of claim waived sovereign immunity); *In re Lile,* 103 B.R. 830 (Bankr.S.D.Tex.1989), *accord.* Although the present language of § 106(a) omits language from an earlier version which expressly required that a governmental unit must file a proof of claim before its sovereign immunity is waived, the more frequent judicial interpretation of § 106(a) and (b) conditions such a waiver upon the filing of a proof of claim. *In re Neavear,* 674 F.2d 1201, 1204 (7th Cir.1982); *In re Remke, Inc.,* [5 B.R. 299,] 2 C.B.C.2d 670, 673 n. 1 (Bankr.E.D.Mich.1980).

*In re Cook United, Inc.,* 117 B.R. at 304–305. This ruling is consistent with the *Hood* decision holding that the Bankruptcy Code, through § 106, waived the states sovereign immunity when a proof of claim is filed on behalf of a state entity. Here, the Ohio Department of Jobs and Family Services and Department of Taxation filed proofs of claims in the Debtor's case. Thus, the filing of the proofs of claims abrogated the State's sovereign immunity.

Moreover, the Trustee is correct in his objection that the Supreme Court in its affirmance of *Hood* did not limit the Sixth Circuit's holding. *Hood* dealt specifically with § 523(a)(8), but § 106 also abrogates the subsections relied on by the Trustee's complaint. Therefore, DYS's motion to

dismiss under Rule 12(b)(1) is without merit and is denied.

\* \* \* \* \*

Next it must determined whether dismissal of DYS as a co-defendant is warranted under Rule 12(b)(6). A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations. *Id.* Thus this Court must assume that all allegations are true and dismiss the claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," i.e., that the legal protections invoked do not provide relief for the conduct alleged. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In addition, "while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109–1110 (6th Cir. 1995) (citing *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993)). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Allard,* 991 F.2d at 1240 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)); *see also Ana Leon T. v. Federal Reserve Bank,* 823 F.2d 928, 930 (6th Cir.) (*per curiam*) (holding that the statement of mere legal conclusions is not entitled to liberal Rule 12(b)(6);6794;6794 review), *cert. denied,* 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987).

■ DYS alleges that the Trustee's complaint seeks recovery of postpetition transfers under §§ 541, 549, and 550. DYS contends that even if the Trustee can prove that money is property of the estate under § 541, and he can prove that the payments are avoidable transactions under § 549, § 550 does not entitle the Trustee to recover the payments made by DYS as a *transferor,* from DYS. This argument has merit. Section 550 of the Bankruptcy Code provides, in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). No authority has been established by the Trustee that under § 550(a), he can sustain a recovery of the alleged postpetition transfer made by DYS (the alleged transferor) from DYS, instead of the alleged transferee. The statute is clear and unambiguous that the Trustee may recover from an initial, immediate, or mediate transferee. Accordingly, the motion to dismiss is well-premised under Rule 12(b)(6) and is hereby granted. Each party is to bear its respective costs.

IT IS SO ORDERED.

### JUDGMENT

At Cleveland, in said District, on this *2nd* day of September, 2005.

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Ohio's Department of Youth Services' (DYS) motion to dismiss under Rule 12(b)(1) is without merit and is denied. DYS' motion to dismiss is well-premised under Rule 12(b)(6) and is hereby granted. Each party is to bear its respective costs.

IT IS SO ORDERED.